1  **SQUIRE PATTON BOGGS (US) LLP**
   Troy M. Yoshino (State Bar # 197850)
2  troy.yoshino@squirepb.com
   Eric J. Knapp (State Bar # 214352)
3  eric.knapp@squirepb.com
   Steven E. Swaney (State Bar # 221437)
4  steven.swaney@squirepb.com
   275 Battery Street, Suite 2600
5  San Francisco, California 94111
   Telephone: +1 415 954 0200
6  Facsimile: +1 415 393 9887

7  Attorneys for Defendant
   MERCEDES-BENZ USA, LLC
8

9              UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    WESTERN DIVISION

12

13 | HAGOP BAZRGANIAN, on behalf of all plaintiffs, | Case No. 17-cv-6521
14 |  | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(D), 1441, 1446 & 1453 (CLASS ACTION FAIRNESS ACT)**
15 | Plaintiff, |
16 | v. |
17 | MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; DAIMLER AG, a German Multinational Automotive Corporation; DAIMLER TRUCKS NORTH AMERICA LLC, an Oregon Limited Liability Company; DETROIT DIESEL CORPORATION, a Michigan Corporation; DAIMLER VANS USA, LLC, a South Carolina Limited Liability Company; DAIMLER VEHICLE INNOVATIONS, LLC, New Jersey Limited Liability Company; DAIMLER NORTH AMERICA CORPORATION, a New Jersey Corporation; CALSTAR MOTORS, a Mercedes-Benz Dealer; CARRIE KINNEY, an individual; and DOES 1 through 100, inclusive, |
26 | Defendants. |

NOTICE OF REMOVAL OF CIVIL ACTION—CASE NO. 17-CV-6521

010-8515-7312/3/AMERICAS

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332(d), 1441, 1446 and 1453, defendant MERCEDES-BENZ USA, LLC ("MBUSA") by and through its counsel of record, hereby removes to this Court the state-court action described herein.

Federal diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), because this case is a "class action" under CAFA, the CAFA diversity of citizenship requirements are fully met, and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. MBUSA states the following grounds for removal:

## I. INTRODUCTION

1. On July 14, 2017, Plaintiff filed a Class Action Complaint against MBUSA and others in the Superior Court of California for the County of Los Angeles, styled "*Hagop Bazrganian, on behalf of all plaintiffs, v. Mercedes-Benz USA, LLC et al.*," Case Number BC668527 ("Class Action Complaint"). At the time of filing of this Notice of Removal, the case was still pending in the Superior Court of California for the County of Los Angeles. *See* 28 U.S.C. § 1441(a).

2. The Class Action Complaint was served on MBUSA on August 3, 2017.

3. True and correct copies of the Class Action Complaint, Summons and all other documents served on MBUSA in this action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

4. When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a).

5. This Court has original jurisdiction over this action under CAFA, 28 U.S.C. section 1332 *et seq.*, and it may be removed from the Superior Court of

California for the County of Los Angeles to this Court pursuant to 28 U.S.C. sections 1332(d), 1446 and 1453(b), because it is a "class action" comprised of at least 100 members in the aggregate, minimal diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

## II.   THE JURISDICTIONAL REQUIREMENTS FOR REMOVAL UNDER CAFA ARE MET

### A.   The Removed Action Is a Class Action

6.   This case is a "class action" as defined in 28 U.S.C. section 1332(d)(1)(B) and is therefore removable under the provisions of CAFA.  (*See, e.g.*, Ex. A ¶¶ 38-49.)

7.   In his Class Action Complaint, Plaintiff purports to bring all causes of action "pursuant to the California Rules of Civil Procedure § 382."  (Ex. A ¶ 38.) Further, the caption of Plaintiff's Class Action Complaint denotes that this is a "CLASS ACTION." (*See* Ex. A.)

8.   In his Class Action Complaint, Plaintiff defines the putative class to include:

> All persons, including individual, non-corporate entities, or corporations, wherever organized or existing in the United States who are former or current owners of an Affected Vehicle.

(Ex. A ¶ 38.)

9.   Section 382 of the California Code of Civil Procedure authorizes actions to be brought by "one or more" persons who may "sue or defend for the benefit of all" where "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court…."  Thus, actions alleged under this section qualify as "class actions" for removal jurisdiction under CAFA because they "authoriz[e] an action to be brought by 1 or more representatives as a class action."  *See* 28 U.S.C. § 1711(2); *Martinez v. Check 'N Go of California, Inc.*, No. 15-CV-1864 H (RBB),

2016 WL 6103166, at *3 (S.D. Cal. Feb. 18, 2016) (defendants properly removed case originally brought under Cal. Civ. Proc. Code § 382 as a "class action" under CAFA).

10. Accordingly, the Class Action Complaint falls within the definition of a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(8).

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

11. CAFA provides for original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Unlike traditional review of the amount in controversy for claims asserted by individuals, in class actions, CAFA requires that claims of class members be aggregated:

> In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. [28 U.S.C. § 1332(d)(6).]

12. The amount in controversy is determined by evaluating the plaintiff's complaint and the record as a whole. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff [with evidence] or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). If contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 554. The amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability" or "proof of the amount the plaintiff will recover." *Lewis*, 627 F.3d at 400 (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

13. MBUSA denies all of Plaintiff's allegations and specifically denies that Plaintiff or any putative class members are entitled to any relief. But without

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

prejudice to its defenses in this action, MBUSA avers that the amount in controversy exceeds the $5,000,000 threshold for removal jurisdiction under CAFA, 28 U.S.C. section 1332(d)(2), based on the following:

(a) **Putative Class Vehicles.** Plaintiff seeks to represent all nationwide purchasers and lessees of "Affected Vehicles," which include, but are not limited to, the following vehicle models:

- Dodge/Freightliner Trucks/Mercedes-Benz Sprinter Van (2006-Present)
- Mercedes-Benz C320 CDI (2005-Present)
- Mercedes-Benz E280 & E320 CDI/BlueTEC (2007-2009) models 211.02 & 022;
- Mercedes-Benz C350 CDI (2009-2009);
- Mercedes-Benz E350 CDI/BlueTEC (2010-Present) Models 212.024;
- Mercedes-Benz G350 CDI/BlueTEC (2010-Present);
- Mercedes-Benz R320/350 CDI/BlueTEC (2007-Present) Models 251.122 & 125;
- Mercedes-Benz ML320/350 CDI/BlueTEC (2007-Present) Models 164.122, 125 & 024;
- Mercedes-Benz GL320/350 CDI/BlueTEC (2007-Present) Models 164.822, 825, & 824;
- Mercedes-Benz S320/350 CDI/BlueTEC (2005-Present) Models 221.183;
- Mercedes-Benz CLS320/350 CDI/BlueTEC (2005-Present) Models 219.322; 218.326, 926, 394, 994, 323, 923, 393, 993;
- Mercedes-Benz GLK class;
- Mercedes-Benz GLE class; and
- Mercedes-Benz Sprinter Van.

(Ex. A. ¶ 39.) As defined, the putative class encompasses tens of thousands of vehicles that were sold or leased throughout the United States for over a decade. (Ex. A. ¶ 5.).

(b) **Plaintiff Seeks Remedies That, In the Aggregate, Vastly Exceed $5,000,000.** Plaintiff's claims are based on allegations that he and the class are entitled to "the purchase price of their Affected Vehicles, the over paid premium for their vehicles, and/or the diminution in value of their Affected Vehicles." (Ex. A ¶ 82; *id.* ¶¶ 47-50, 59-62, 68-70, 73-74, 91-93, 99-102, 107-109, 116, 122.). Thus, given the number of vehicles Plaintiff puts at issue, CAFA's amount-in-controversy requirement is easily met, given the numbers that plaintiff alleges.

This is apparent upon examination of a single vehicle model in the putative class – the ML350 BlueTEC. According to MBUSA's records, approximately 22,700 ML350 BlueTEC vehicles were sold or leased nationwide. (Declaration of Timothy Lowery in Support of Notice of Removal of Civil Action ("Lowery Decl."). ¶ 7.)[1] The value of the remedies Plaintiff seeks would greatly exceed $5,000,000 just for this one model, and of course the value would be even higher if the dozens of other types of putative class vehicle types were included.

(i) **Restitution of Purchase Price.** The base Manufacturer's Suggested Retail Price (the "MSRP") of the ML350 BlueTEC, when purchased new, ranged from $49,700 to $51,790 (depending on model year). (Lowery Decl. ¶ 8.) Using the lowest MSRP of $49,700 as a conservative measure, providing restitution of the original purchase price for the approximately 22,700 ML350 BlueTEC vehicles sold nationwide during the putative class period would be approximately $1,130,000,000. And again, to repurchase the entire putative class of vehicles would be many multiples more of that amount. Thus, CAFA's $5,000,000 amount-in-controversy requirement is met in this case.

---

[1] The Court is authorized to consider declarations and "summary-judgment-type" evidence in considering whether removal is proper. *See Lim v. Helio, LLC*, No. CV 11-9183 PSG (PLAx), 2012 WL 359304 at *2 (C.D. Cal. Feb. 2, 2012); *see also Dart Cherokee*, 135 S. Ct. at 553-54 (removing defendant may rely on evidence).

(ii) **Diminution in Value**.  Plaintiff does not allege how much his or any other putative class vehicle diminished in value as a result of Defendants' alleged conduct, except that such a diminution is "serious."  (Ex. A ¶ 15; *see also id.* ¶¶ 17, 82, 122.).  Even assuming a 1% diminution of value of the approximately 22,700 ML350 BlueTEC vehicles sold or leased nationwide, and using the lowest MSRP of $49,700 per vehicle, the resulting aggregate diminished value would be approximately $11,300,000.  And, yet again, because the putative class definition encompasses dozens more vehicle models that were sold or leased since 2005 (Ex. A ¶ 5), the total diminished value at issue in this matter would be many multiples of that amount.  As such, the amounts Plaintiff seeks based on the alleged diminished value alone are well in excess of the $5,000,000 threshold, even using conservative assumptions.  28 U.S.C. § 1332(d)(2).

(iii) **Other Amounts Sought in Plaintiff's Prayer for Relief.**  Plaintiff also seeks "punitive damages," as well as "costs and attorneys' fees" (Ex. A Prayer for Relief ¶¶ D, F).  Courts consider punitive damages and attorneys' fees in establishing the amount in controversy for removal jurisdiction under the CAFA amendments.  *See, e.g.*, *Sanchez v. Wal-Mart Stores, Inc.*, No. S06-cv-2573 DFL KJM, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007).  Given the more than $1,130,000,000 at issue under the restitution of purchase price claims alone – and that is only considering one out of the dozens of vehicle models included in the putative class – Plaintiff's counsel are likely to claim punitive damages and attorneys' fees far in excess of the $5,000,000 jurisdictional threshold.

(iv) **Plaintiff Also Seeks Injunctive Relief Likely to Exceed $5,000,000.**  In addition, Plaintiff seeks equitable and injunctive relief as a form of remedy.  (Ex. A Prayer for Relief ¶¶ B-D).  Courts have found that enforcing injunctive relief will cause the company forced to do so to suffer a financial loss, and thus such potential loss must be considered when determining the amount in controversy under a plaintiff's complaint.  *See Keeling v. Esurance Ins. Co.*, 2011 WL 4448578, at *1

-6-

(7th Cir. Sept. 26, 2011) ("The cost of prospective relief cannot be ignored in the calculation of an amount in controversy."); 28 U.S.C. § 1332(d)(6). Plaintiff requests "injunctive relief in the form of a recall or free replacement program." (Ex. A Prayer for Relief ¶ C.) It is clear that costs related to a "recall or free replacement program" and other injunctive relief will be significant, in addition to the other amounts in controversy specified above. CAFA's $5,000,000 amount-in-controversy requirement is undoubtedly met in this case.

    C.    **MINIMAL DIVERSITY EXISTS BETWEEN MBUSA AND A MEMBER OF THE PUTATIVE CLASS**

14. MBUSA and a member of the putative class are citizens of different states, and therefore minimal diversity of citizenship exists as required by CAFA. 28 U.S.C. § 1332(d)(2).

15. Both at the time this action was filed and at the time of removal, MBUSA was, and still is, a Delaware Limited Liability Company that maintained, and still maintains, its home office and principal place of business in Georgia. (Lowery Decl. ¶ 4.) MBUSA has only one member, Daimler North America Corporation ("DNAC"). DNAC is a Delaware corporation with its principal place of business in New Jersey. (*Id.* ¶ 5.) Both at the time this action was commenced and at the time of the filing of the Notice of Removal, neither MBUSA nor DNAC were citizens of the State of California. (*Id.* ¶¶ 4-5.)

16. The named Plaintiff Bazrganian alleges he is a citizen of the State of California. (See Ex. A ¶ 23.)

**III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446 ARE MET**

17. **Removal Is Timely**. MBUSA timely filed this Notice of Removal, within 30 days of service of the Class Action Complaint. *See* 28 U.S.C. § 1446(b).

18. **Removal to This Court Is Proper**. The Class Action Complaint was filed in the Superior Court of California for the County of Los Angeles. This Court

is part of the "district and division within which such action is pending . . . ." 28 U.S.C. § 1446(a).

19. **Pleadings and Process**. Pursuant to 28 U.S.C. section 1446(a), a "copy of all process, pleadings, and orders served upon" MBUSA is attached to this Notice of Removal as Exhibit A. MBUSA has not answered or otherwise filed a response to the Class Action Complaint. Other than the documents attached as Exhibit A, no other pleadings, process, orders, or other papers in this case have been filed, served, or otherwise received by defendant or, to its knowledge, are presently on file in the Superior Court of California for the County of Los Angeles. In the event that additional filings, if any, come to MBUSA's attention, it will promptly provide this Court with true and correct copies of all such papers.

20. **Notice to All Parties and the State Court**. Concurrent with the filing of this Notice, MBUSA gave written notice of this Notice of Removal to Plaintiff's counsel of record, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles. 28 U.S.C. § 1446(a), (d).

21. **Consent of the Other Defendants Is Not Required**. Under CAFA, any defendant may remove a class action filed in state court if the foregoing requirements are satisfied; it is not necessary to obtain the consent of the other defendants. 28 U.S.C. § 1453(b) (a class action "may be removed by any defendant without the consent of all defendants"); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015) ("[S]ection 1453 permit[s] a single defendant to remove without the consent of other defendants").

WHEREFORE, notice is given that this action is removed from the Superior Court of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division.

| | | |
|---|---|---|
| 1 | Dated: September 5, 2017 | Respectfully submitted, |
| 2 | | Squire Patton Boggs (US) LLP |
| 3 | | |
| 4 | | By: _/s/ Troy M. Yoshino_ |
| 5 | | Troy M Yoshino<br>Attorneys for Defendant<br>MERCEDES-BENZ USA, LLC |

**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111

-9-
NOTICE OF REMOVAL OF CIVIL ACTION—CASE NO. 17-CV-6521

010-8515-7312/3/AMERICAS