**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAGOP BAZRGANIAN, on behalf of all plaintiffs,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; DAIMLER AG, a German Multinational Automotive Corporation; DAIMLER TRUCKS NORTH AMERICA LLC, an Oregon Limited Liability Company; DETROIT DIESEL CORPORATION, a Michigan Corporation; DAIMLER VANS USA, LLC, a South Carolina Limited Liability Company, DAIMLER VEHICLE INNOVATIONS, LLC, a New Jersey Limited Liability Company; DAIMLER NORTH AMERICA CORPORATION, a New Jersey Corporation; CALSTAR MOTORS, a Mercedes-Benz Dealer; CARRIE KINNEY, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-06521-ODW(JPR)<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE [16]** |

## I. INTRODUCTION

Plaintiff Hagop Bazrganian ("Plaintiff"), on behalf of himself and others similarly situated, filed this class action against Defendants Mercedes-Benz USA, LLC ("MBUSA"), Daimler Trucks North America LLC, Detroit Diesel Corporation,

1

Daimler Vans USA, LLC, Daimler North America Corporation, and CalStar Motors' (collectively, "Defendants") in Los Angeles Superior Court on July 14, 2017. (Compl., ECF No. 1-1.) This case was removed to the United States District Court for the Central District of California on September 5, 2017. (ECF No. 1.) Before the Court is Defendants' unopposed Motion to Transfer Venue. (ECF No. 16.) For the reasons discussed below, the Court **GRANTS** Defendants' Motion.[1]

## II. PROCEDURAL AND FACTUAL BACKGROUND

On February 18, 2016, a consumer class-action lawsuit was filed against MBUSA in the United States District Court for the District of New Jersey, alleging that Mercedes-Benz diesel vehicles are falsely advertised as "clean" or environmentally friendly ("First-Filed Action"). Complaint, *Ulyana Lynevych, et. al. v. Mercedes-Benz USA, LLC, et. al.*, No. 2:16-cv-00881-JLL-JAD (case filed Feb. 18, 2016).[2] Subsequent to the filing of the First-Filed Action, five other putuative class actions that presented substantially similar false advertising claims against MBUSA were filed in various district courts. (Mot. 2–3.) In May 2016, these cases were either dismissed or consolidated with the First-Filed Action. (Mot. 3.); *see* Order, *In re Mercedes-Benz Emissions Litigation*, No. 2:16-cv-00881-JLL-JAD. On September 25, 2017, the plaintiffs in the First-Filed Action filed a fourth amended complaint. Fourth Consolidated and Am. Class Action Compl. and Demand for Jury Trial, *In re Mercedes-Benz Emissions Litigation*, No. 2:16-cv-00881-JLL-JAD (filed Sept. 25, 2017). In the First-Filed Action, those plaintiffs defined their putative class as:

> All persons or entities in the United States who owned and or leased an [sic] "Polluting Vehicle" as of February 18, 2016. Polluting Vehicles include, without limitation, the diesel-powered: ML 320, ML 350, GL 320, E320, S350,

---

[1] After carefully considering the papers filed with the instant Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

[2] This Court takes judicial notice, *sua sponte*, of the First-Filed Action, the filing of the original complaint in the First-Filed Action, and the Fourth Amended Complaint in the First-Filed Action pursuant to Federal Rule of Evidence 201(c)(1).

R320, E Class, GL Class, ML Class, R Class, S Class, GLK Class, GLE Class, and Sprinter.

*Id.* at 191. Further, the plaintiffs in the First-Filed Action defined their California Subclass as: "All persons or entities in the state of California who owned and/or leased an [sic] Polluting Vehicle as of February 18, 2016." *Id.* The First-Filed Action's Fourth Amended Complaint alleges, among other things, violations of various state and federal consumer protection acts, violations of various business laws, and fraudulent concealment. *Id.* at v–x.

On July 14, 2017, Plaintiff Hagop Bazrganian filed the instant action against MBUSA and other defendants alleging: (1) breach of contract, (2) violations of the Song-Beverly Consumer Warranty Act, (3) breach of implied warranty of merchantability, (4) violations of the California Unfair Competition Law, (5) violations of the California Consumers Legal Remedies Act, and (6) violations of the California False Advertising Law. (Compl.) Bazrganian defines his class as "[a]ll persons, including individual, non-corporate entities, or corporations, wherever organized or existing in the United States who are former or current owners of an Affected Vehicle." (Compl. 9.) Bazrganian defines "Affected Vehicles" as including, without limitation:

- Dodge/Freightliner Trucks/Mercedes-Benz Sprinter Van (2006–Present);
- Mercedes-Benz C320 CDI (2005–Present);
- Mercedes-Benz E280 & E320 CDI/BlueTEC (2007–2009) Models 211.02 & 022;
- Mercedes-Benz 350 CDI (2009–2009);
- Mercedes-Benz E350 CDI/BlueTEC (2010–Present) Models 212.024;
- Mercedes-Benz G350 CDI/BlueTEC (2010–Present);
- Mercedes-Benz R320/350 CDI/BlueTEC (2007–Present) Models 251.122 & 125;
- Mercedes-Benz ML320/350 CDI/BlueTEC (2007–Present) Models 164.122, 125 & 024;

3

- Mercedes-Benz GL320/350 CDI/BlueTEC (2007–Present) Models 164.822, 825, & 824;
- Mercedes-Benz S320/350 CDI/BlueTEC (2005–Present) Models 221.183;
- Mercedes-Benz CLS320/350 CDI/BlueTEC (2005–Present) Models 219.322; 218.326, 926, 394, 994, 323, 923, 923, 393, 993;
- Mercedes-Benz GLK class;
- Mercedes-Benz GLE class; and
- Mercedes-Benz Sprinter Van.

(*Id.* 9–10.) On September 27, 2017, Defendants moved to transfer this action to the District of New Jersey under the first-to-file rule, or under 1404(a), in the alternative.[3] (Mot.) Bazrganian failed to oppose the Motion.[4] That Motion is now before the Court for decision.

### III.  LEGAL STANDARD

Under the first-to-file rule, or comity doctrine, a district court may decline to exercise jurisdiction over an action when a complaint involving the same parties and issues has been filed in another district. *Pacesetter Sys., Inc. v. Medtronic Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). This doctrine seeks to conserve limited judicial resources and avoid duplicate or inconsistent judgments on similar issues. *Id.* at 95. When considering whether to apply this doctrine, a court must consider: (1) the similarity of the parties; (2) the chronology of the two actions; and (3) the similarity of the issues. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

---

[3] Because the Court is granting Defendants' Motion under the first-to-file, the Court declines to address the merits of Defendants' 1404(a) argument at this time.

[4] Under Local Rule 7-12, the Court may deem failure to file a timely opposition as consent to the Court granting the Motion. C.D. Cal. Local Rule 7-12. While Bazrganian failed to oppose the Motion, the Court nonetheless proceeds to address the merits of the Motion.

4

When analyzing a motion to transfer under the first-to-file rule, a district court generally should not weigh the usual transfer factors under 28 U.S.C. 1404(a), as those are reserved for consideration by the court with the first-filed action. *Pacesetter*, 678 F.2d at 96–97. If a later filed action meets the first-to-file requirements, the second court may transfer, stay, or dismiss the case. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).

## IV. DISCUSSION

Defendants assert that this action possesses substantially similar parties and issues to the First-Filed Action and therefore should be transferred to the District of New Jersey under the first-to-file rule. The Court agrees.

### A. Similarity of Parties

When analyzing the first-to-file rule in putative class actions, a court considers the similarity between the classes, not the class representatives. *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010). An exact duplication of the parties is not necessary—the first-to-file rule only requires there be substantial similarity in parties. *Kohn Law Grp.*, 787 F.3d at 1240. Furthermore, courts have found classes to be substantially similar "where both classes seek to represent at least some of the same individuals." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013) (citing *Adoma*, 711 F. Supp. 2d at 1148).

Here, nearly all of the putative class members in the First-Filed Action's nationwide class as well as the First-Filed Action's California subclass would be covered under Bazrganian's putative class. While Bazrganian's putative class covers members from a broader time period, there is still substantial overlap in potential class members between this action and the First-Filed Action.

Moreover, the fact that Bazrganian's action includes additional defendants is not dispositive in determining that the cases are not substantially similar. *See Weinstein v. Metlife, Inc.*, No. C 06-0444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 2006) (finding that "if the parties represent the same interests the court may

determine the second action is duplicative" (internal quotations omitted)). Although some defendants listed in the instant action are not named defendants in the First-Filed Action, their interests in defending this action can be inferred as the same because they are subsidiaries and/or affiliates of the primary defendants of the First-Filed Action, MBUSA and Daimler AG. *See generally Metlife*, No. C 06-0444, 2006 WL 3201045, at *4 (finding that corporate subsidiaries have the same general interest in defending a similar action that includes their parent companies); *see also Barapind v. Reno*, 72 F. Supp. 2d 1132 (E.D. Cal. 1999) (observing that a subsequent suit may be found duplicative where the plaintiff simply added an additional defendant who represents the same interests in a complaint already filed in another federal district court).

### B. Chronology and Similarity of Issues

The remaining two factors in determining whether to apply the first to file rule are the chronology of the two actions and the similarity of the issues. Here, it is undisputed that the First-Filed Action was filed well before this action. The First-Filed Action was originally filed on February 18, 2016—more than one year prior to the filing of this action. *Compare* (Compl.) *and* Complaint, *Ulyana Lynevych, et. al. v. Mercedes-Benz USA, LLC, et. al.*, No. 2:16-cv-00881-JLL-JAD (case filed Feb. 18, 2016).

Furthermore, the First-Filed action and this action have substantial overlap in the claims asserted. Both cases allege fraudulent concealment, violations of the California Unfair Competition Law, violations of the California Consumer Legal Remedies Act, and violations of the California False Advertising Law. (Compl.); Fourth Consolidated and Am. Class Action Compl. and Demand for Jury Trial, *In re Mercedes-Benz Emissions Litigation*, No. 2:16-cv-00881-JLL-JAD (filed Sept. 25, 2017). While Bazrganian has asserted some claims that are not alleged in the First-Filed Action, the existence of these claims does not preclude transfer. *See Shwartz v. Frito-Lay N. Am.*, No. C-12-02740(EDL), 2012 WL 8147135, at *3 (N.D. Cal. Sept.

12, 2012) (finding that "[t]he issues need not be precisely identical for the first-to-file rule to apply . . .[,] the rule can apply even if the later action brings additional claims").

Because all three factors have been satisfied, the Court finds it appropriate to apply the first-to-file rule to this action. "Efficiency is lost, and judicial resources are wasted" where multiple actions, comprised of substantially similar claims and parties, continue simultaneously. *See Treasure Garden, Inc. v. Red Star Traders, LLC*, No. CV 12-0857, 2013 WL 12121989, at *5 (C.D. Cal. Apr. 1, 2013).

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Transfer to United States District Court for the District of New Jersey. (ECF No. 16.) The Clerk of the Court shall transfer and close the case.

**IT IS SO ORDERED.**

October 31, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**